IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NONA MILLMAN,<br>      Plaintiff,<br><br>vs.<br><br>CAPTAIN HARRIS GUEST HOUSE, INC.,<br>EDWARD SCHMIT, and JUDITH DIXON,<br><br>      Defendants. | Case No. 05 C 06700<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

Plaintiff tripped on Defendant's sidewalk, resulting in this personal injury suit. The injuries Plaintiff sustained are said to have aggravated her pre-existing depression. Defendants seek the disclosure of Plaintiff's Clinical Psychologist's notes and Evanston Hospital Records in order to evaluate Plaintiff's claim that her injury aggravated her pre-existing depression. The court has conducted an in camera inspection of Plaintiff's Psychologist's notes and Plaintiff's medical records from Evanston Hospital. For the following reasons, the court has determined that ten of the sixty-one pages of Plaintiff's psychologist's personal notes are discoverable along with all of the Evanston Hospital records.

I. Plaintiff's Psychologist's Personal Notes:

In determining whether the psychologist's notes are discoverable, the court must determine whether they are privileged, and if so, whether any exception to the privilege applies. Because jurisdiction is based upon the diversity of the parties, questions of privilege are determined by state law. *See* Fed.R.Evid. 501; *Favala v. Cumberland Eng'g Co.*, 17 F.3d 987, 989 (7th Cir. 1994).

The Mental Health and Developmental Disabilities Confidentiality Act provides that "all records and communications shall be confidential and shall not be disclosed except as provided in this Act." *See* 740 ILCS 110/3. Section 3(b) of the act goes on to state that:

> A therapist is not required to but may, to the extent he determines it necessary and appropriate, keep personal notes regarding a recipient. Such personal notes are the work product and personal property of the therapist and shall not be subject to discovery in any judicial, administrative or legislative proceeding or any proceeding preliminary thereto. 740 ILCS 110/3(b).

"Personal notes" are defined by the Act as: (i) information disclosed to the therapist in confidence by other persons on condition that such information would never be disclosed to the recipient or other persons; (ii) information disclosed to the therapist by the recipient which would be injurious to the recipient's relationships to other persons, and (iii) the therapist's speculations, impressions, hunches, and reminders. 740 ILCS 110/2.

In passing Section 3(b), the general assembly has made a strong statement that a therapist's notes generally do not provide the kind of information which should be relied upon by a court in its role as fact finder. Personal notes simply do not possess the accuracy required of other forms of evidence. Furthermore, a therapist's personal notes contain great potential to disrupt a recipient's relationships and cause unforeseen harm when disclosed.

Having reviewed the Plaintiff's Psychologist's notes, the court finds that much of the material provided does qualify as "personal notes" protected from disclosure under the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/3(b). The notes are replete with references to the Plaintiff's relationships with others which could be injurious to Plaintiff if made public, in addition to the impressions of the psychologist. These notes contain the type of information the Illinois General Assembly sought to keep confidential by passing the

Confidentiality Act.

> Nevertheless, Section 10(a)(1) of the Act provides:
>
> [r]ecords and communications may be disclosed in a civil . . . proceeding in which the recipient introduces his mental condition . . . as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought . . . finds, after an in camera inspection of testimony or other evidence, that [1] it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; [2] that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and [3] that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm. 740 ILCS 110/10(a)(1).

The Act's definition explicitly defines "records" so as to exclude a therapist's personal notes from the definition. 740 ILCS 110/2 ("Record does not include the therapist's personal notes . . . ."). As such, Section 10(a)(1) does not trump Section 3(b) with respect to records.

However, the term "communication" is defined by the act as "any communication made by a recipient or other person to a therapist . . . ." 740 ILCS 110/2. As such, communications represented in a therapist's personal notes are discoverable under Section 10(a)(1) if, after an in camera inspection, the court is satisfied with the three criteria outlined in that Section.

Under the first criteria, the court must determine that the communications are relevant, probative, not unduly prejudicial or inflammatory and otherwise clearly admissible. The court's review of the therapist's notes revealed that the lion's share of the material was not relevant to the underlying dispute. However, there are ten pages of material that contain communications concerning Plaintiff's injury and the problems associated with her injury. The court is convinced that these ten pages are relevant, probative, not unduly prejudicial or

inflammatory and otherwise clearly admissible since they speak directly to the issue of whether the Plaintiff's pre-existing depression was in fact aggravated by her injury.

Second, the court must consider whether other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established. Any current testimony would come five years or more after Plaintiff's therapy sessions with Dr. Pribyl. Further, it is clear that, given the nature of the therapy-recipient relationship, the communications made in that setting are more likely to contain reliable accounts of the truth than are potentially self-interested recollections provided in the face of trial. As such, the court is satisfied that other evidence is demonstrably unsatisfactory in comparison with the ten pages selected by the court.

Third, the court is convinced that disclosure is more important to the interests of substantial justice than protection from injury to either the therapist-recipient relationship or to the recipient herself. Having reduced the material from sixty-one pages to ten, the court has eliminated from disclosure all of the most sensitive information in effort to reduce the harm Plaintiff will suffer through disclosure. Furthermore, the court will redact from those ten pages any material which is not relevant to the issue of whether Plaintiff's depression was aggravated by the Plaintiff's injury. In doing so, the court is confident that an appropriate balance has been struck between Plaintiff's rights under the Confidentiality Act and the court's need for the facts underlying Plaintiff's suit. *See McGreal v. Ostrov*, 368 F.3d 657, 688 (7th Cir. 2004), citing *Norskog v. Pfiel*, 755 N.E.2d 1, 9 (Ill. 2001) ("the Act constitutes a 'strong statement' by the General Assembly about the importance of keeping mental health records confidential.").

In conclusion, the court will provide for the disclosure of ten pages of Plaintiff's therapist's notes pursuant to 740 ILCS 110/10(a)(1) and redact that information which is irrelevant to the issue of whether Plaintiff's depression was aggravated by her injury.

II. Plaintiff's medical records from Evanston Hospital:

The definition of "record" under the Act includes "any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service to a recipient concerning the recipient and the services provided." 740 ILCS 110/2. It is clear that the Evanston Hospital records, unlike the therapist's personal notes, are records under the Act. As such, their disclosure depends upon the three criteria discussed above under 740 ILCS 110/10(a)(1).

Having reviewed the hospital records, the court is satisfied that they meet all three criteria. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may discover any matter, not privileged, that is relevant to the claim or defense . . . . Relevant evidence need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The court is convinced that the medical records are relevant under Rule 26(b)(1). Furthermore, for the reasons addresses above, the medical records are superior to other evidence, and their disclosure outweighs the potential harm Plaintiff will suffer in light of their disclosure.

In conclusion, the court finds that ten redacted pages of Dr. Pribyl's notes are discoverable. The court will photocopy and redact the ten pages of Plaintiff's Psychologist's notes and mail a copy to each party. The original notes will be returned to Dr. Pribyl. All of the

Evanston Hospital records are discoverable. The original copy of the Evanston Hospital medical records will be sent to the Plaintiff and a photocopy will be sent to the defense. If the current protective order is insufficient to protect the newly disclosed material, Plaintiff has until April 9, 2007, to petition the court for a modified protective order. If the court does not receive such a petition by then, the court will mail the disclosures on that date.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: March 28, 2007